IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
UNITED STATES OF AMERICA    )
                            )
v.                          )   CASE NO. CR418-061
                            )
JACINTA DANA DIXON,         )
                            )
     Defendant.             )
                            )
```

## ORDER

Before the Court is Defendant Jacinta Dana Dixon's Motion for Release Pending Appeal. (Doc. 31.) In the motion, Defendant requests that she remains released on bond during the pendency of the appeal challenging her sentence in this case. (Id. at 1.) Defendant pled guilty to one count of wire fraud and judgment was entered against her on September 20, 2018. (Doc. 25.) Defendant was sentenced to eighteen months of imprisonment and must report for her sentence before 2 p.m. on October 23, 2018. (Id. at 2.) After careful consideration, Defendant's motion is **DENIED**.

Release pending appeal is governed by 18 U.S.C. § 3143(b). This statute provides that a person

> who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds . . . by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and that the appeal

is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . a sentence that does not include a term of imprisonment, or [] a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Id. That is, a defendant can be released pending appeal only if (1) the defendant is not a flight risk; (2) the appeal raises a substantial question of law; (3) the defendant is not appealing for purposes of delay; and (4) the appeal is likely to result in the defendant receiving a sentence less than the total amount of time she would be incarcerated while the appeal is pending or a sentence without any term of imprisonment. United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985); see 18 U.S.C. § 3143(b). The burden of establishing all four of these factors rests with the defendant. Giancola, 754 F.2d at 901. Whether a question of law or fact is "substantial" is "determined on a case-by-case basis." Id. A substantial question of law or fact is "a 'close' question or one that very well could be decided the other way." Id.

After a thorough review of Defendant's motion and the record in this case, the Court is unable to conclude that Defendant has established that the appeal presents substantial questions of law or fact and that the appeal is likely to result in a sentence that does not include a term

of imprisonment. Defendant appears to merely challenge the reasonableness of her sentence. Defendant pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and was sentenced to eighteen months of confinement. The maximum sentence under 18 U.S.C. § 1343 is twenty years. While the Government recommended fifteen months, this Court is not bound to the recommendations of the Government, as stated in the plea agreement which was signed by the Defendant. (Doc. 24.) Defendant has failed to cite any law that supports her contention that her sentence is unreasonable or excessive under the law. Moreover, Defendant has not met her burden of showing that the issues she contends to raise on appeal, even if meritorious, would result in a sentence that does not include any term of imprisonment. Accordingly, Defendant's motion for release is **DENIED**.

SO ORDERED this 18th day of October 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA